WELLS, FARGO & CO., A CORPORATION, APPEL-
LANT *v.* GEORGE M. SCOTT & CO., A CORPORA-
TION, RESPONDENT.

ASSIGNMENT—PREFERENCE OF NOTE INDORSED BY STOCKHOLDER
NOT FRAUD — WHEN — PROPER PREFERENCE — INDEBTEDNESS OF
STOCKHOLDER INTENDED FOR CORPORATE BENEFIT.

*Assignment—Preference of Note Indorsed by Stockholder not Fraud
— When.*

Where a corporation in making an assignment for benefit of
creditors, prefers certain *bona fide* indebtedness evidenced by
notes upon which one of its officers, a minority stockholder,
was an accommodation indorser, and it appears from the
evidence that the result would have been the same even if
such indorser had voted against the preference or the assign-
ment, the preference is not in violation of the statute, and
does not constitute fraud in law.

*Proper Preference — Indebtedness of Stockholder Incurred for
Corporate Benefit.*

It is proper for a corporation, in making a deed of assignment,
to prefer certain indebtedness evidenced solely by the indi-
vidual note of a stockholder and director, when the money
was borrowed for the corporation, and it received the benefit
of every dollar.

( Decided December 3, 1898.)

Appeal from the District Court of Salt Lake County,
Hon. Ogden Hiles, *Judge.*

Action by plaintiff in attachment against defendant.
From a judgment for defendant, plaintiff appeals. *Af-
firmed.*

*Messrs. Marshall, Royle & Hempstead,* for appellants.

We contend that the assignment in this case was in violation of the statute of Utah and therefore void. Rev. St., Secs. 84, 87, 2466 and 2474.

A court under circumstances as in this case, looks behind the shadow of a corporation and deals with the substance, and in such cases benefits, advantages and preferences secured or guaranteed by the assignment to a controlling agent or agency, are in direct violation of the sections of our statutes referred to, more especially in violation of subdivision 4, Sec. 87. *Howe, Brown & Co.* v. *Sanford Fork & Tool Co.*, 44 Fed. 231; *Lippincott* v. *The Carriage Co.* 25 Fed. 577; *White Mfg. Co.* v. *Pettes Importing Co.*, 30 Fed. 864; *Adams* v. *Milling Co.*, 35 Fed. 433; *Beech* v. *Miller*, 24 N. E. 464; *Haywood* v. *Lumber Co.*, 64 Wis. 639; *Olney* v. *Land Co.*, 18 Atlantic, 181; *Rouse* v. *Banks*, 22 N. E., 293; *Hope* v. *Salt Co.*, 24 W. Va., 789.

The right of a director to prefer himself either directly or indirectly is fully considered by Mr. Justice Harlan of the Supreme Court of the United States, sitting as a circuit court in the case of *Sutton Mfg. Co.* v. *Hutchinson*, 63 Fed. 496.

See also cases in that opinion cited by Justice Harlan *Bosworth* v. *Jacksonville Nat. Bank*, 64 Fed. 618 Morawetz on Private Corporations, Sec. 787.

We call attention of the Court to cases exactly similar to the one at bar in reports of our own State. *Mercantile Co.*, v. *Mt. Pleasant Co-op.*, 12 Utah 213; *Wyeth Co* v. *James Spencer Bateman Co.*, 47 Pac. 612; 17 Utah,

————.

*Messrs. Dickson, Ellis & Ellis*, for respondents.

An assignment or transfer by an insolvent debtor, whether for the benefit of creditors generally or for the

benefit of one or more particular creditors only, cannot be assailed and the property assigned attached by any other creditor, unless the debtor in making the assignment acted in bad faith, that is to say, was governed by actual intentional fraud. Mere constructive fraud is not sufficient. *Commission Co.* v. *Druley*, 155 Ill. 25; *Wadsworth* v. *Laurie*, 164 Ill. 42; *La Belle Iron Works* v. *Hills*, 22 Fed. 195; *Casola* v. *Vasquez*, 147 N. Y. 258; *Spencer* v. *Deagle*, 34 Mo. 455; *Ferguson* v. *Chastant*, 55 La. Annual, 339.

This question is elaborately discussed in a note in 30th L. R. A. 465.

Actual intentional fraud is not to be lightly imputed, but must be established by clear and settled proof. *West Side Bank* v. *Mehan*, 49 N. Y. (S. R.) 606; *Goldsmith* v. *Hersehorn*, 13 N. Y. (S. R.) 560.

Fraud is not to be presumed when under the evidence the transaction may be fairly reconciled with honesty of purpose. *Dempsey* v. *Bowen*, 25 Ills. Appeals, 192.

We go further and say that an assignment by an insolvent corporation for the benefit of its creditors in which a preference is given to an honest debt of the corporation secured by the indorsement of one of the directors of the corporation is not even constructively fraudulent.

"*Bona fide* creditors of an insolvent corporation who are not stockholders or directors therein, are not precluded from taking security for their claims though the notes held by them against the corporation were also endorsed by some of the directors individually." *Milling Company* v. *Commission Co.*, 128 Mo. 473; *Blair* v. *Illinois Steel Co.*, 159 Ills. 350; *Levering* v. *Binel*, 45 N. E. 775; *Buell* v. *Buckingham*, 16 Iowa, 264; *Colorado Fuel & Iron Co.* v. *Western Hardware Co.*, 50 Pac. 628.

18 Utah—9.

Actual fraud anterior to the assignment, not entering into the assignment itself, will not avoid it.   *Peters* v. *Bain*, 130 U. S. 690; *Parsons* v. *Pettit*, 9 Utah, 223.

Zane, C. J.

The defendant, a corporation, dealing in hardware and mining machinery, in the City of Salt Lake, with a capital stock divided into 1,500 shares, of which George M. Scott owned 601 shares, and of which he was president and a director; James Glendinning 748 shares, vice president and a director; R. C. Chambers 100 shares, and a director; Joseph Galligher 50 shares, and a director, and W. S. Rumfield 1 share, and was secretary and a director, on the 29th day of January, 1898, assigned all its property to one Hugh Anderson, for the benefit of its creditors.   The deed of assignment gave preferences.   The claims of the first class of creditors amounted to $29,000; those of the second class $100,000, and the claims of the third class aggregated a large sum.   A note of $1,000 to O. J. Salisbury, another of $5,000 to Hoge, Daly & Co., and a third of $2,500 to the Park City National Bank, were in the first class and endorsed by George M. Scott.   Plaintiff insists that the preference given to these creditors, upon whose notes George M. Scott was endorser, rendered the assignment fraudulent and void.

It appears the notes were given for *bona fide* indebtedness of the defendant; that Scott received no part of their consideration, and that he was simply liable as endorser.   No fraud in fact appearing, did the fact that Scott, who was president and a director, voted with the other directors, who held a majority of the stock, to make the assignment in which the notes upon which he was endorser were preferred, render the assignment fraudulent in law?   If Scott had not voted, or had voted against the

assignment, the result would have been the same. Under such circumstances we are of the opinion the preference given to the notes endorsed by Scott did not violate the statute or amount to fraud in law. *Levering* v. *Binel*, 45 N. E. 775; *Colo. Fuel & Iron Co.* v. *Wes. Hardware Co.*, (Utah) 50 P. R. 828; *Sanford Tool Co.* v. *Howe, Brown & Co.*, 157 U. S. 312.

The plaintiff also urges that the deed of assignment was fraudulent and void because a note executed by George M. Scott for $40,000, was preferred as second class indebtedness. This claim is made in view of the following facts in evidence: In November, 1894, the defendant being indebted to the plaintiff, a corporation doing a banking business, in the sum of $46,000 upon overdrafts, and being desirous of negotiating a loan of $40,000 from the Travelers' Insurance Company; to facilitate and accomplish the same, deeded to Scott for that purpose, real estate valued at $15,000, and an undivided half interest in certain other real estate valued at $50,000, the remaining half interest in the latter being in George M. Scott. For the loan Scott gave his note to the Insurance Company and a mortgage on his half interest as well as on the real estate conveyed to him by the defendant. The defendant gave no note or other express evidence of indebtedness to the Insurance Company or George M. Scott; but the entire $40,000 was deposited in plaintiff's banking house to the credit of the defendant. The transaction was made in the name of George M. Scott for the benefit of the defendant, and the entire $40,000 was applied to the payment of its debts. Not only was the entire loan received for the use of the defendant, but was actually paid to it or upon its debts. The transaction was not made for Scott, nor did he receive any part of the loan.

In view of these facts we must hold this loan of $40,000

was in effect to the defendant, and was indebtedness it had the right to prefer.

Other errors are assigned by the plaintiff which we have considered. We find no reversible error in the record.

The judgment is affirmed, with costs.

BARTCH, J., and MINER, J., concur.