## NATIONAL BANK OF THE REPUBLIC v. GEORGE M. SCOTT & CO. ET AL.

CORPORATIONS — ASSIGNMENTS FOR CREDITORS — PREFERENCES — FRAUD—INTENT—EVIDENCE—EQUITY JURISDICTION.

1. Where a corporation, in making an assignment for the benefit of creditors, prefers certain bona fide indebtedness, evidenced by notes upon which one of its officers, a minority stockholder, was indorser, and it appears from the evidence that the result would have been the same even if such indorser had voted against the preference or the assignment, such preference does not constitute actual or legal fraud.

2. A commercial corporation in a deed of assignment may prefer indebtedness incurred for its sole benefit, the proceeds of which it has received and used, though evidenced by a note signed by a director and stockholder.

3. The fact that a director and stockholder wrongfully appropriated funds of a corporation cannot render an assignment fraudulent, unless such fraud entered into or was connected with the assignment, and the assignee or one or more of the creditors participated in it.

4. It was proper for a director of a corporation to testify as to his intention in voting for an assignment contested on the ground of actual fraud.

5. A court of equity may set aside an assignment for the benefit of creditors for any of the reasons mentioned in the statutes or recognized as sufficient by the rules of equity.

(Syllabus by the Court.)

(Decided December 13, 1898.)

Appeal from the District Court, Salt Lake County, Hon. Ogden Hiles, Judge.

Action in equity to set aside a deed of assignment by George M. Scott & Co., a corporation, to Hugh Anderson

as assignee, upon the ground of fraud. From a judgment for defendants plaintiff appeals. *Affirmed.*

*Messrs. Booth, Lee & Gray* and *Messrs. Dey & Street* for appellant.

The assignment is fraudulent and void as to appellant and other unpreferred creditors because it was made with intent to hinder, delay and defraud them, in that, by certain indebtedness guaranteed by George M. Scott & Co., personally, is preferred. *Godley* v. *Capon*, 72 Ills., 11; *Rich* v. *Hathaway*, 18 Ills., 548; *Mercantile Co.* v. *Co-op. Inst.*, 12 Utah, 213; *Wyeth M. & M. Co.* v. *James S. B. Co.*, 15 Utah, 110; *Singer* v. *Copper Co.*, 53 Pac., 1024.

The trial judge was of the opinion that the effect of the Co-op. case 12 Utah, 213, had been destroyed by the new assignment law, R. S., Sec. 84 et. seq. The statute referred to and section 87 designates certain cases in which the assignment is void. It is not limited to the specific grounds stated. It does not purport to repeal the statute of frauds so called, found in Sections 2474 and 2464 Revised Statutes.

Statutes regulating assignments have not taken those instruments out of the statute of frauds or abrogated any of the grounds upon which the statutes have been held fraudulent and void by the courts. *Vernon* v. *Upson*, 60 Wis., 418–422–3; *State* v. *Rose*, (N. D.) 58 N. W., 514; *Wright* v. *Lee*, (S. D.) 55 N. W., 931, 936; *Farmers* v. *Coffan*, (Dak.) 29 N. W., 12; *Lisher* v. *Getman*, 28 Minn., 93; *May* v. *Walker*, (Minn.) 28 N. W., 252; *Houghne* v. *City*, (Or.) 62 Fed., 1006; *Dawson* v. *Coffin*, 12 Or., 513; *Mosconi* v. *Buerchinel*, (Col.) 43 Pac., 912; *Rinchey* v. *Striker*, 28 N. Y., 45; *Rylan* v.

*Roy*, (N. Y.) 59 Fed., 784; *Bolty* v. *Egan*, (Mo.) 34 Fed., 445; *Kendall* v. *Bishop*, 76 Mich., 634; *Lehman* v. *Ryan*, (Iowa) 31 Fed., 636; *Burrows* v. *Lehndorff*, 8 Ia., 96; *Bradley* v. *Bailey*, (Ia.) 64 N. W., 758; *Rothschild* v. *Harbrook*, (Ia.) 65 Fed., 283; *Mathews* v. *Ott*, 87 Wis., 392; *Jones* v. *McCornick*, 82 Fed., 295; *Adler* v. *Ecker*, 2 Fed., 126; *Lapp* v. *Van Norman*, 19 Fed., 406; *James* v. *Bank*, 12 R. I., 460.

This court has from early time applied the statute of frauds to assignments. *Beus* v. *Shaughnessy*, 2 Utah 492; *Sprecht* v. *Parsons*, 7 Ib. 107; *Smith* v. *Sipperly*, 9 Ib. 267; *Coblentz* v. *Mer. Co.*, 10 Ib. 96; *Mer. Co.* v. *Co-op.* 12 Ib. 237.

However, if the law be as pronounced by the trial judge we contend that the appellant has brought this case within two of the specified grounds in Section 87 R. S. The debt was exclusively that of Scott, for which the corporation is not liable. *Emly* v. *Lyle*, 15 East, 7; 1st Lind on Part. Sec. 361, *et seq.*; *Farmer's Bank* v. *Bayles*, 35 Mo. 428; *Ketchum* v. *Durkee*, 1 Hoff. Chap. 540–3.

That the preferring of such a debt renders the assignment fraudulent has been expressly decided in: *Mer. Co.* v. *Co-op.* 12 Utah, 213; *Willis* v. *Bruner*, 60 Wis. 622; *Powers* v. *Paper Co.* 60 Ib. 23.

It was error to exclude the evidence offered tending to prove the amount Scott was indebted to the insolvent company at the time of the loan from the insurance company and down to the time of the execution of the assignment. See *Schroeder* v. *Young*, 161 U. S. 334, 345.

*Messrs. Dickson, Ellis & Ellis*, for Geo. M. Scott & Co., and *Messrs. Bennett, Harkness, Howat, Bradley & Richards*, for Hugh Anderson, assignee.

We believe the questions arising in this case are controlled by the statute recently enacted by our legislature. Rev. Stat., p. 107.

But while we contend that the statute controls and that the assignment is clearly valid within the provisions of the statute we as strongly contend that it is not void or voidable under the common law.

That an insolvent corporation may assign all its property for the benefit of its creditors and may prefer one creditor over another as its directors see fit if there is no fraud. *Wyeth* v. *James etc. Co.*, 15 Utah 110.

That fraud of the assignor in the management or disposition of his property prior to the assignment, not participated in by the assignee or the creditors benefitted by the assignment does not vitiate or in any way affect the assignment. That fraud to vitiate or affect the assignment must inhere in and be a part of the deed of assignment, see: *Petit* v. *Parsons*, 9 Utah 223. *Coblentz* v. *Driver Mercantile Co.*, 10 Utah 96.

That where a director in an insolvent corporation voted with other directors in making an assignment preferring another corporation in which he and his wife owned a large amount of stock, but where his vote was not necessary to carry the resolution making the preferences and where there was no actual fraudulent intent, the preference of the corporation in which the director of the insolvent corporation was a stockholder, did not void or affect the assignment or the preference, see: *Colorado Fuel & Iron Co.* v. *Hardware Co.*, 50 Pac., 628. The statute Sec. 87 R. S. says: "An assignment for the benefit of creditors is void against any creditor not assenting thereto in the following cases (specification of cases.)" The well known maxim of the law *Expressio unius est exclusio alterius*, applies, and excludes every other cause than

those specified as a ground upon which the assignment itself may be assailed and avoided. *North Point, etc., Co.* v. *Canal Co.*, 14 Utah, 155; *Eastman* v. *Gurrey*, 14 Utah, 168.

In which cases the application of the maxim above quoted was made by the court, that, applied to this case, excludes any grounds of attack upon an assignment so as to render it void except those specified in the statute.

The following cases further support our contention: *Pelt* v. *Pelt*, 19 Wis., 193, 196; *Durousseau* v. *United States*, 6 Cranch, 312; *Smith* v. *Stevens*, 10 Wall., 321; *Miller* v. *Miller*, 44 Pa. St., 170; *Fowler* v. *Scully*, 72 Pa. St., 456, 461; *Perkins* v. *Thornburgh*, 10 Cal., 190; *Dubuque* v. *Dubuque*, 7 Iowa, 262, 276; Potter Dwarris St., 674, 775; Sutherland on St. Con., Secs. 325–327.

There was no evidence of fraudulent intent in preferring the notes upon which Mr. Scott was guarantor. He was, it is true, bound by the terms of his guaranty but he was under no moral obligations to pay the notes. They were not his debts. Brandt on Suretyship & Guaranty, Sec. 94.

Such a preference does not as a matter of law void an assignment. *Colorado Iron & Fuel Co.* v. *Hardware Co.*, *supra; Sanford Fork & Tool Co.* v. *Howe, Brown & Co.*, 157 U. S. 313.

The court did not err in permitting the directors to testify to their good intent in making the assignment. *Wilson* v. *Clark*, ( Ind.) 27 N. E. 310; *Campbell* v. *Holland*, (Neb.) 35 N. W. 871; *Garden* v. *Woodward*, (Kan.) 25 Pac. 199; *Love* v. *Tomlinson*, (Col.) 29 Pac. 666; *Bedell* v. *Chase*, 34 N. Y. 386; *Ditman* v. *Weiss*, (Tex.) 31 S. W. 67.

*Messrs. Varian & Varian*, attorneys for California Powder Works, intervenor.

Appellant specifies the preferring of debts "upon which its president was liable as surety" as error, basing it upon the simple fact of the preference without reference to the intent or good faith. We submit this contention cannot be maintained under the statute. The question is one of actual intent all the time. *Wagner* v. *Zeighler Mo.* 31 S. W. 28; *Gould* v. *Little Rock Co.* 52 Fed. 685; *Ganett* v. *Plow Co.* Ia. 29 N. W. 395; *Buel v. Buckingham,* 16 Ia. 284; *Smith* v. *Skeary,* 47 Conn. 47.

The court was justified in admitting evidence of the intent in giving the |preferences. *Covert* v. *Richards,* 38 Mich. 363; *Matthews* v. *Poultney,* 33 Barb. 127; *Seymour* v. *Wilson,* 14 N. Y. 568.

ZANE, C. J.

This is an equity cause to set aside a deed of assignment made by George M. Scott & Co., a corporation, to Hugh Anderson. A number of facts were alleged in the complaint upon which the plaintiff relied as showing fraud. The defendants answered, denying essential elements alleged in the complaint and fraud in fact or in law. The lower court heard the evidence, made findings of fact, heard arguments of counsel, and stated its conclusions of law, and entered a decree dismissing the cause. From this decree the plaintiff has appealed.

It appears that on January 29, 1898, George M. Scott & Co., a corporation, made a deed of assignment for the benefit of its creditors to Hugh Anderson; that all of its four directors voted for the resolution in pursuance of which the deed was executed; that the same was ratified at a meeting of all the stockholders by a unanimous vote; and that Scott owned less than one-half of the stock.

The indebtedness of George M. Scott & Co. was divided into three classes, and preferred in that order. Those of the first class amounted to $30,400.50, evidenced by five

promissory notes, due to as many payees, and all indorsed by George M. Scott. He being a director, it is claimed these preferments rendered the deed fraudulent. It does not appear from the evidence the preferment was made with the intention to delay, hinder, or defraud the creditors of the company or other person. No actual fraud was proven. That being so, the fact that Scott voted with three other directors to prefer these notes upon which he was indorser did not render the deed fraudulent in law. The same result would have happened had he voted against the resolution and deed or had not voted at all. This court has so held in the case of *Wells, Fargo & Co.* v. *George M. Scott & Co.*, (decided at the present term) 55 Pac. 81, and in *Colorado Fuel & Iron Co.* v. *Western Hardware Co.*, (Utah) 50 Pac. 628. In the second preferred class was a note for $40,000, signed by George M. Scott, but described in the deed as the note of George M. Scott & Co. This money was placed to the credit of the company, and paid out on its checks and indebtedness. It appears that George M. Scott & Co. wanted to borrow the $40,000 from the Travelers' Insurance Company, and, to accomplish the transaction, deeded to Scott one piece of real estate of the value of $15,000, and an undivided half interest in another of the value of $50,000, the other half being owned by Scott, and for the loan he gave his promissory note and a mortgage on both tracts or lots including his interest. It appears the transaction was made in the name of Scott, for the benefit of George M. Scott & Co., he having no personal interest in it and received no part of the money. In view of these facts, we must regard this as a loan to the company, and that it was indebtedness George M. Scott & Co. had a right to prefer. We so held in *Wells, Fargo & Co.* v. *George M. Scott & Co.*, *supra.*

On the trial the plaintiff propounded certain questions tending to prove that George M. Scott had, prior to the assignment, misappropriated and diverted from George M. Scott & Co., to his own use, or to the use of another company of which he was the principal stockholder, large sums of money, and that he was indebted to George M. Scott & Co. in a large sum at the time the $40,000 was borrowed and when the assignment was made. The fact that Scott wrongfully appropriated funds of the corporation, or that he was indebted to it, could not render the assignment fraudulent, unless the fraudulent diversion of the funds, or the indebtedness was fraudulent, and such fraud entered into the transaction constituting the assignment, and the assignee or one or more of the creditors knowingly participated in the fraud. The fraud must be so connected with the transaction as to taint the assignment. *Pettit* v. *Parsons*, 9 Utah, 223, 33 Pac. 1038. The fact that a stranger to, or agent of, a person, whether natural or artificial, has by deception, or by a betrayal of his trust, or otherwise, wrongfully obtained the property or money of another, cannot deprive him of the right to assign his property in good faith for the benefit of his creditors. The fact that a man has been cheated out of a portion of his property by a sharper does not prevent him from assigning what he has left, with any claim he may have against the rogue on account of the fraud, to an assignee for the benefit of his creditors. Such transactions cannot affect the assignee or creditors under the assignment. Nor can proof that Scott was indebted to George M. Scott & Co. at the time of, or subsequent to, the assignment, render the assignment invalid. The existence of such indebtedness could not affect the company's right to assign its property and effects for the benefit of its creditors. In view of the other evidence in the case, the evidence ruled out was immaterial.

The plaintiff assigns as error the ruling of the court admitting the testimony of George M. Scott as to his intention in voting for the assignment in question. The plaintiff relied upon actual or intentional fraud, as well as constructive fraud or fraud in law. Actual fraud is equivalent to intentional fraud. An intention is a state of mind of which the mind must be cognizant, and the individual who has the intention can testify to it. It is a fact within his knowledge, and he is the only person who can testify to it directly. It is true that such state of mind or intention may be proved by what the individual may say and by his actions and conduct. From his language and conduct the court or jury may infer the intent; but the witness who has the intent can testify directly to it. Whenever the intention of the witness in doing an act is competent, relevant, and material, he may testify to it, unless his language or conduct has been such as to induce a reasonable belief that he intended and meant something different from his true intent, and another or others have acted upon such belief under circumstances that will estop the witness from testifying to, and relying upon, his actual intent. In interpreting or construing a contract, the question is not what the parties to it actually meant, but what the language of the contract expresses,— not what their intention actually was, but the intention expressed in their contract. It was proper to inquire of Scott whether his intention in joining with the other directors was to hinder, delay, or defraud the creditors of the company in collecting their debts. He was not asked as to the intent expressed in the assignment, or as to an expressed intent, upon which the plaintiff or other person had acted. He was asked his motive in making the assignment,—whether it was made in good faith, for the benefit of the creditors of the company. This was proper,

and the same inquiry might have been made of each of the directors. *Seymour* v. *Wilson*, 14 N. Y. 567; *Mathews* v. *Poultney*, 33 Barb. (Sup. Ct.) 127; *Covert* v. *Rogers*, 38 Mich. 363; *Love* v. *Tomlinson*, (Colo. App.) 29 Pac. 666; *Campbell* v. *Holland* (Neb.) 35 N. W. 872; *Wilson* v. *Clark* (Ind. App.) 27 N. E. 311.

Counsel for defendant urge that section 87, Rev. St. includes all the means and causes that can be urged for setting aside an assignment for the benefit of creditors; that no other reason than such as are mentioned in it can avail. The law as well as equity abhors fraud, and "the common law asserts as a general principle that there shall be no definition of fraud. The courts have never laid down as a general proposition what shall constitute fraud, or any rule beyond which they will not go, lest other means of avoiding equity should be found." And we are not disposed to hold that section 87 of the Revised Statutes includes all the acts, omissions, and concealments that may render an assignment voidable or void. We are of the opinion that the legislature in that section did not intend to prescribe a limit beyond which courts may not go in considering and deciding upon the validity of such contracts. If it should appear, in any case, that other means or artifice was used amounting to fraud that ought to render an assignment void or voidable, the court should be at liberty to set it aside. The facts of this case appearing in the record do not authorize us to set aside the assignment in question for any of the reasons mentioned in the statute or recognized by the principles of equity. Other errors alleged in the record have been considered, but we do not deem it necessary to extend this opinion further. The judgment is affirmed, with costs to respondents.

BARTCH J., concurs in result.

MINER J., concurs.