PENNSYLVANIA R. CO. v. PEDDRICK et al.

(District Court, N. D. New York. July 24, 1916.)

1. CORPORATIONS ⬄333—LIABILITY OF OFFICERS—TRANSFER OF PROPERTY—"LOSS."

By the transfer of an insolvent corporation's property to give a preference, in violation of Stock Corporation Law N. Y. (Consol. Laws, c. 59) § 66, whereby it is put beyond the reach of a judgment creditor by any ordinary legal means, he suffers "loss," within the provision that every officer or director concerned in violation of the section shall be liable to its creditors for any loss they may respectively sustain by the loss; and this though the section declares the transfer void, and though the property could be recovered by suit of the trustee in bankruptcy.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1451; Dec. Dig. ⬄333.

For other definitions, see Words and Phrases, First and Second Series, Loss.]

2. COURTS ⬄366(2)—FOLLOWING DECISION—STATE AND FEDERAL COURTS.

The decision of the highest court of a state construing its statute is binding on a federal court; the Supreme Court of the United States not having passed on it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 954; Dec. Dig. ⬄366(2).]

3. CORPORATIONS ⬄342—LIABILITY OF OFFICERS—TRANSFER OF PROPERTY—"CONCERNED IN."

Directors who, knowing the facts, vote for a preferential transfer of an insolvent corporation's property. are "concerned in" the illegal transfer, so as to be liable under Stock Corporation Law N. Y. § 66, to corporation's creditors for their loss therefrom.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1436–1488; Dec. Dig. ⬄342.]

4. CORPORATIONS ⬄353—LIABILITY OF OFFICERS—ACTIONS—ACCOUNTING.

Before a creditor of an insolvent corporation can sue its directors, under Stock Corporation Law N. Y. § 66, for his loss from their illegal trans-

fer of its property, an accounting to ascertain the loss is not necessary; but the loss can be proved on the trial.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. ☞353.]

5. CORPORATIONS ☞333—LIABILITY OF OFFICERS—TRANSFER OF PROPERTY— AMOUNT OF LOSS.

The loss by a creditor of an insolvent corporation from its illegal transfer of its property, which, under Stock Corporation Law N. Y. § 66, he can recover of its directors and officers participating therein, is what he would have received, had the corporation been wound up and its property converted to money and applied to payment of its debts pro rata.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1451; Dec. Dig. ☞333.]

At Law. Action by the Pennsylvania Railroad Company against Charles H. Peddrick, Jr., and others. Verdict for plaintiff, and defendants apply for an order setting it aside. Denied.

Hun & Parker and Michael D. Reilly, all of Albany, N. Y., for plaintiff.

John T. Norton and H. D. Bailey, both of Troy, N. Y., and Wm. L. Bennett, of Saratoga Springs, N. Y., for defendants.

RAY, District Judge. This matter was before this court on a motion to enjoin and restrain the plaintiff from further prosecuting the action and to bring in other parties and instruct the trustee in bankruptcy of Security Steel & Iron Company, of which defendants were directors, and the motion was denied, the court writing an opinion. 222 Fed. 75. Later the action was tried before the court and a jury, and resulted in a verdict in favor of the plaintiff against all the defendants for $9,493.99. On the trial there was a motion to dismiss, profuse objections to evidence, motions to direct a verdict, etc., raising every possible question involved. The opinion referred to covers the main propositions in the case, viz., that the plaintiff's remedy, if any, is by an action in equity and for an accounting, and to set aside the transfers of property, etc.

[1] Both on the trial and now the defendants presented and present another proposition, viz., that as the transfers, if made as alleged in the complaint and found by the jury, were void under the statute, and as the property was transferred indirectly, to a perfectly solvent bank, which presumably now has the proceeds, and same may be recovered from the bank by the trustee in bankruptcy of the Security Steel & Iron Company (that corporation being the owner of the property transferred at the time of the transfer), and distributed to all creditors, including the plaintiff, pro rata, the plaintiff has not suffered any "loss" within the meaning of the statute of the state of New York under which this action was brought, section 66 of the Stock Corporation Law of the state of New York. That section reads as follows:

"No corporation which shall have refused to pay any of its notes or other obligations, when due, in lawful money of the United States, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cash. No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid, except that laborers' wages for services shall be preferred claims and be entitled to payment before any other creditors out of the corporation assets in excess of valid prior liens or incumbrances. No corporation formed under or subject to the Banking, Insurance or Railroad Law shall make any assignment in contemplation of insolvency. Every person receiving by means of any such prohibited act or deed any property of the corporation shall be bound to account therefor to its creditors or stockholders or other trustees. No stockholder of any such corporation shall make any transfer or assignment of his stock therein to any person in contemplation of its insolvency. Every transfer or assignment or other act done in violation of the foregoing provisions of this section shall be void. No conveyance, assignment or transfer of any property of a corporation formed under or subject to the Banking Law, exceeding in value one thousand dollars, shall be made by such corporation, or by any officer or director thereof, unless authorized by previous resolution of its board of directors, except promissory notes or other evidences of debt issued or received by the officers of the corporation in the transaction of its ordinary business, and except payments in specie or other current money or in bank bills made by such officers. No such conveyance, assignment or transfer shall be void in the hands of a purchaser for a valuable consideration without notice. Every director or officer of a corporation who shall violate or be concerned in violating any provisions of this section, shall be personally liable to the creditors and stockholders of the corporation of which he shall be director or an officer to the full extent of any loss they may respectively sustain by such violation."

The complainant alleges a violation of that section by defendants in that they, being directors of Security Steel & Iron Company, a New York corporation, and the corporation being insolvent, or its insolvency imminent, "with the intent of giving a preference to any (a) particular creditor," and incidentally to themselves, they (except one or two) being indorsers on the notes of said corporation held by a bank or banks, etc., transferred all the property of such corporation to pay the notes representing the said indebtedness and a few other local creditors to the exclusion of the plaintiff and other creditors and that the property and its proceeds were so applied. That all the defendants took part in or were "concerned in" so transferring such property. The action was brought and prosecuted particularly under the last clause of the section quoted, which reads as follows:

"Every director or officer of a corporation who shall violate or be concerned in violating any provisions of this section, shall be personally liable to the creditors and stockholders of the corporation of which he shall be director or an officer to the full extent of any loss they may respectively sustain by such violation."

The said Security Steel & Iron Company was indebted to various creditors in the sum of about $94,000 or $96,000, including the debt due the plaintiff, about $18,000, and had property of the value of about $62,000. The plaintiff pressed for payment for some time and finally brought suit. No answer was put in, but there was some delay, and finally judgment was obtained, and execution thereon was issued and returned wholly unsatisfied. Inquiry was made for property of Mr. Peddrick, the president of the corporation, by the sheriff, who

informed him that the corporation had no property. It was developed in certain proper preliminary proceedings that after the Pennsylvania Railroad Company commenced pressing for payment of its claim the said Security Steel & Iron Company paid or caused to be paid certain of its local creditors, and then transferred all of its remaining property to secure an indorser on its notes, to a large amount in the aggregate, having changed its time notes, or most of them, to notes due on demand, and obtained this new indorser thereon, on an arrangement to secure him by turning out the property of the corporation as security. By this process, to a large extent, at least, the directors were released from their liability as indorsers on such notes, and all the property of the Security Steel & Iron Company was used to pay the bank holding the notes and a few other creditors. The jury found that these transfers of property were made by the directors, defendants here, with knowledge that the corporation was insolvent, or that its insolvency was imminent, and with the intent of giving a preference to particular creditors.

The complaint alleged that the plaintiff lost its entire judgment, about $18,000, and demanded a judgment for that sum; but the court held that plaintiff could only recover as its "loss" the amount it would have received, had the property of the corporation been reduced to money (instead of being transferred, as it was, to pay a few creditors) and applied pro rata to the payment of all creditors. The defendants, while insisting that a single creditor cannot maintain an action to recover his loss, inasmuch as the statute, they contend, contemplates an equity action and the presence of all creditors, insisted on the trial and now insist that the defendant sustained no loss, even if the allegations of the complaint and the findings of the jury and the holding of the court be otherwise correct, inasmuch as the transfers were absolutely void and passed no title to the transferee, and such transferee is perfectly solvent, as is the bank which received the proceeds, and that all the trustee in bankruptcy has to do is to bring suit and recover the property or its proceeds and distribute same; that when matters are in this situation there has been no "loss" sustained within the intent and meaning of the statute quoted.

With this contention this court is unable to agree. This is a remedial statute, and was intended to give a direct cause of action for the loss sustained by him to any creditor of a corporation against the directors thereof who should, under the circumstances stated and in the manner described, with the necessary intent and knowledge, transfer the property of the corporation to any of its officers, directors, or stockholders directly or indirectly for the payment of any debt, or to any other person to give a preference to a particular creditor over the other creditors of the corporation, or who are concerned—that is, take part in—doing such acts. After prohibiting certain acts and transfers of property, and declaring certain transfers void, and declaring that "every person receiving by means of any such prohibited act or deed any property of the corporation shall be bound to account therefor to the creditors or stockholders or other trustees," etc., the statute finally, in a separate paragraph, says:

"Every director or officer of a corporation who shall violate or *be concerned* in violating any provision of this section shall be *personally* liabe to the creditors and stockholders of the corporation of which he shall be director or an officer to the full extent of *any loss* they may *respectively* sustain by such violation."

In my judgment it is idle to say that a creditor of a corporation, who has reduced his claim to judgment and who has pursued his legal remedy by issuing execution, which had been returned wholly unsatisfied, the president and manager of such corporation asserting the corporation has no property, has not sustained a "loss," when he finds that the directors and officers of such corporation have, either in anticipation of such judgment and execution, or following it, and knowing its insolvency or the imminence of the insolvency of the corporation, and intending to pay one or more of its creditors in preference to another, or others, have transferred its property, directly or indirectly, for the purpose of paying such preferred creditors. The act of the director or officer of the corporation is consummated. The property of the corporation by their act has been put beyond the reach of the judgment creditor by any ordinary legal process. Such property is lost to him. True, the creditors or stockholders may bring an action in equity for an accounting against the person or persons receiving such preference, who must account therefor; but this is not the only remedy, nor is such an action and failure to recover therein or thereby a prerequisite to the maintenance of an action direct against such directors or officers of the corporation.

[2] It seems to me that the decision in Caesar v. Bernard, 156 App. Div. 724, 141 N. Y. Supp. 659, affirmed by the New York Court of Appeals on the opinion of Laughlin, J., rendered in the court below, 209 N. Y. 570, 103 N. E. 1122, is not only decisive in this case, but binding on this court. The Supreme Court of the United States, in construing a statute of a state, always follows the decisions of the highest court of the state enacting the statute, if one has been made before the question comes to the Supreme Court. If one has not been made, then it construes the statute for itself, and thereafter adheres to its own decision, whatever the state court may thereafter decide. The Supreme Court of the United States has not passed on this statute in question here, but the Court of Appeals has. That decision I felt bound to follow on the trial of the, cause, and am bound to follow it now. Hence the judgment of the Pennsylvania Railroad Company against the Security Steel & Iron Company was competent evidence in this case against the directors, and, quoting from the opinion of Judge Laughlin, adopted by the Court of Appeals:

"The Legislature by the section in question extended the doctrine, administered by courts of chancery, that the assets of a corporation constitute a trust fund for the benefit of its creditors. Darcy v. Brooklyn & N. Y. Ferry Co., 196 N. Y. 99 [89 N. E. 461, 26 L. R. A. (N. S.) 267, 134 Am. St. Rep. 827]; Cullen v. Friedland, 152 App. Div. 124 [136 N. Y. Supp. 659]. The liability created by this statute against directors and officers is for the *loss* sustained by creditors through wrongful acts of directors and officers, *by which the funds of the corporation have been depleted,* and instead of requiring that the action shall be brought by, or in the right of, the corporation to restore its funds, the Legislature gave a cause of action to the creditors and stockholders in their own right to recover the damages sustained."

234 F.—50

[3] In Caesar v. Bernard, supra, the respondent, defendant, was both a director and president of the company making the transfers, and so far as appears had no personal interest in the matter, but "voted to authorize the transactions of which complaint is [was] made." It was held that this made him liable under this statute. In the instant case two of the defendant directors were not indorsers on the notes of the company and had no personal interest to serve, but they voted for the resolutions authorizing the transactions complained of, the transfer of the property of the corporation to make the preferential payments, and did this with knowledge that the corporation was in fact insolvent, and with the intent of giving a preference. The jury so found. This made these defendants "concerned in" the illegal transfers of the property of the corporation and liable with those who did have personal pecuniary interests to serve. The questions involved, some of them new even in the light of the Caesar Case, have been presented with great ability, but I am not satisfied that error was committed in allowing the case to go to the jury, or in the findings of the jury.

It was contended on the trial, and is now contended, that title to certain of the property of the Security Steel & Iron Company of considerable value was not transferred, but was now capable of being taken by the trustee in bankruptcy and applied to the payment of creditors pro rata. The jury was told to exclude such property, if any, in making up the amount and value of property transferred and fixing the loss sustained by this plaintiff. All the evidence was before the court and jury, and I do not find that substantial or prejudicial error was committed on the trial in the admission or rejection of evidence or in the charge.

[4, 5] The defendants contend that, before plaintiff could maintain its action to recover its "loss" from the directors, there must have been an accounting to ascertain such loss, and that the "loss" could not be proved by evidence taken on this trial. I cannot so construe this statute. There is always difficulty in proving the damages in such a case, but I think the "loss" sustained was the sum plaintiff would have received, had the corporation been wound up and its property, so far as improperly transferred, converted to money and applied to the payment of its debts pro rata.

The motion to set aside the verdict and for a new trial is therefore denied.