## WALKER BROS., Bankers, v. EASTERN MOTORS CO. et al.

No. 4373.   Decided November 18, 1927.   (262 P. 97.)   Modified and Petition for Rehearing Denied December 30, 1927.

544

*King & Schulder*, of Salt Lake City, and *L. A. McGee*, of price, for appellants.

*B. W. Dalton*, of Price, for respondent.

CHERRY, J.

This action was brought by the plaintiff for the purpose of enforcing, against the individual defendants, a judgment previously obtained by the plaintiff against the Eastern Utah Motors Company, a corporation. A trial was had be-

fore the court, resulting in a judgment in favor of the plaintiff and against the defendants George M. Miller and R. M. Jones, from which both have appealed.

The established facts relevant to the controversy may be briefly stated. The Eastern Utah Motors Company was a corporation doing an automobile and garage business at Huntington, Utah. At the times in controversy, defendant, George M. Miller, was president and director and defendant, R. M. Jones, was secretary and director, of the corporation. The corporation owed the plaintiff, upon two promissory notes, the sum of $2,060, and also owed the First National Bank of Price, upon one promissory note, the sum of $11,-275, upon which the defendant, George M. Miller, was secondarily liable as indorser.

On or about September 18, 1921, and when the corporation was in a failing condition and insolvent, defendants Miller and Jones, as officers of the corporation, sold five used automobiles belonging to the corporation to the defendant Mina S. Miller for $2,180. The sale was without fraud and for the full value of the property sold. After the sale, and at the direction and request of defendant, George M. Miller, the purchase price was, by the defendant Mina S. Miller, paid to the First National Bank of Price in part payment of its note against the corporation defendant. Thereafter the plaintiff obtained a judgment upon its notes against the corporation, and after having exhausted the legal remedies for its collection, without success, brought this action.

The judgment was rendered against the appellants upon the grounds that the transaction amounted to a preference of the debt of the First National Bank of Price, and as defendant, George M. Miller, a director of the corporation, was secondarily liable on the debt, it was indirectly a preference to him, and therefore unlawful, and constituted a wrongful diversion and conversion of the corporate funds to the prejudice of the plaintiff.

Opposing contentions are made on this appeal concerning the individual liablity of the directors at the suit of other creditors in such case. We think the matter is concluded by the former decisions of this court.

In *Noble Mercantile Co.* v. *Mt. Pleasant Co-operative Inst.*, 12 Utah 213, 42 P. 869, it was held that the directors of an insolvent corporation, through their superior or exclusive knowledge of the corporate affairs, could not secure a benefit or advantage to themselves in derogation of the rights of other creditors, and had no power to prefer their own claims over those of other creditors. Thereafter, in *Wells Fargo* v. *Scott*, 18 Utah 127, 55 P. 81, and *National Bank* v. *Scott*, 18 Utah 400, 55 P. 374, it was held that a preference in a deed of assignment, made by the board of directors and ratified by the stockholders of an insolvent corporation, of a bona fide indebtedness evidenced by notes upon which one of its officers was an accommodation indorser, where, it appeared that the result would have been the same even if the indorser had voted against the assignment, was not in violation of law or fraudulent.

But in *Hoggan* v. *Price River Irrigation Co.*, 55 Utah, 170, 184 P. 536, the question was set at rest in these words:

"If a director who is a creditor of an insolvent corporation may not prefer himself, it is immaterial whether he prefers himself as a principal or as a guarantor or indorser or surety. He has no right to do by indirection that which he may not do directly. The adjudicated cases are not in harmony on this subject, but we think the better rule is that an insolvent corporation has no right to prefer the debt of a creditor where a director of a corporation is liable therefor as indorser, guarantor, or surety."

In so far as the cases of *Wells Fargo* v. *Scott* and *National Bank* v. *Scott* are in conflict with *Hoggan* v. *Price River Irrigation Co.*, the former must be deemed overruled, and we are bound by the latter case.

It follows that the preference of the debt of the First National Bank of Price, which resulted indirectly in a preference to defendant Miller, was without authority of law and constituted a legal wrong to the plaintiff, the extent of which will presently be considered.

The sale of the property in question was proved by the evidence and found by the court to have been made in good faith and for the full value of the property sold, and the purchaser Mina S. Miller, who was also sued was discharged from any claim of liability. The purchase price ($2,180) was ordered paid to the First National Bank of Price by the defendant, George M. Miller. It appears from the evidence that the defendant Jones signed the bill of sale of the property sold to the purchaser, but did not participate in or have any knowledge of the transaction whereby the purchase price was paid over to the bank. And he was not an indorser or liable in any manner upon the bank's note. The judgment, however, was against Jones as well as against Miller, for the full amount paid to the bank. We think there is no basis for any judgment against defendant Jones. The wrong complained of is not the sale, but the improper disposition of the proceeds. And Jones had no part in that. The judgment against Jones is therefore erroneous.

It remains to determine the extent of the liability of appellant Miller. The judgment against him was for $2,180 and interest, the full amount applied on the bank's note—the amount due on the plaintiff's judgment against the corporation being for a greater sum. It is contended by appellant's counsel that the court erred in rendering judgment for this amount. The basis for the judgment against Miller is that he unlawfully applied the sum in controversy towards the payment of a corporate debt for which he was individually liable as indorser. That the bank's note was a bona fide debt of the corporation is not questioned. Miller, as president of the

corporation, had the undoubted right to pay on the bank's note its pro rata share, with other creditors, of the money in question. The doctrine which prohibits preferences of debts secured by directors does not postpone such debts, or result in the preference of other debts not so secured. The act of Miller in applying the sum in controversy on the bank's note was wrongful only to the extent that the payment exceeded the pro rata share of the fund which was properly payable to the bank. In such case the measure of recovery against directors by an unsecured judgment creditor is such percentage of his debt as he would have received if the sum wrongfully paid by way of preference had been divided pro rata between all the creditors. *Adams* v. *Kehlor M. Co.* (C. C.) 35 F. 433; *Penn. R. Co* v. *Peddrick* (D. C.) 234 F. 781.

The judgment against appellant Miller for the full amount of the preferential payment is therefore erroneous and cannot be sustained.

The judgment is reversed and the cause is remanded to the district court for further proceedings in accordance with the views herein expressed, with leave to the parties to amend their pleadings or bring in new parties if desired.

Appellants to recover costs.

THURMAN, C. J., and STRAUP, HANSEN, and GIDEON, JJ., concur.