494

BENJAMIN NEWMAN, Plaintiff, *v.* MEISEL-GALLAND Co., INC., and Others, Defendants.

Supreme Court, New York County, March 21, 1932.

*Emanuel S. Cahn*, for the plaintiff.

*Ethan R. Kayes*, for the defendants Meisel, Popkin, Peskin and Meisel-Galland Co., Inc.

*Rubinton & Coleman* [*Leonard Acker* of counsel], for the defendants Meskin.

*Mitchell Weill*, for the defendant Lowenstein.

SHIENTAG, J. Plaintiff, a judgment creditor of the defendant Meisel-Galland Co., Inc., seeks to set aside two judgments confessed by the latter to the defendants Lowenstein and Meskin

immediately prior to the date of the entry of plaintiff's judgment, on the ground that they constituted preferences in violation of the provisions of section 15 of the Stock Corporation Law (as amd. by Laws of 1929, chap. 653). Plaintiff also seeks a personal judgment against the defendants Meisel, Popkin and Peskin, who, at the time of the alleged preferences, were directors of the defendant corporation.

The defendants set up a general denial and ask affirmatively for an equitable distribution of the assets of the defendant corporation among all of its creditors.

It was conceded at the trial that the defendants Lowenstein and Meskin were *bona fide* creditors of the defendant corporation; it was also stipulated that the latter was insolvent at the time of the confession of the two judgments attacked in this action. The evidence is clear that in confessing these judgments a preference was intended by the defendant corporation. It is equally clear that the two creditors in whose favor these judgments were confessed had reasonable cause to believe that a preference was intended. For two and a half years their claims were dormant; they slept on their rights. The plaintiff, after a trial in this court, was awarded a judgment against the defendant corporation. Before he had time to enter his judgment, things began to move with a most suspicious rapidity. The defendant corporation volunteered to confess judgments in favor of Lowenstein and Meskin. The haste with which the confessions were obtained and entered; the speed with which execution was levied and a sale had thereunder, all compel the conclusion that not only did Lowenstein and Meskin have reasonable ground to believe that they were securing a preference, but that they exerted every effort to assure themselves of the full benefit thereof.

Although judgment must be for the plaintiff, setting aside the confessed judgments as unlawful preferences, he is not entitled to the proceeds of the sale, now held in escrow by the attorney for the defendant Lowenstein. The purpose of section 15 of the Stock Corporation Law, on which plaintiff bases his action, is to secure equality among creditors. (*Throop* v. *Hatch L. Co.*, 125 N. Y. 530, 533; *Hirshfeld* v. *Fitzgerald*, 157 id. 166, 179.) True it is that ordinarily a diligent creditor will be rewarded, but in an action such as this " The statute constitutes an assurance to all who deal with the corporation that in case it becomes insolvent no creditor will be permitted to acquire a preference over other creditors in the distribution of its assets. It distinctly notifies all the creditors that diligence will not be rewarded nor favor ratified." (*Hilton* v. *Ernst*, 38 App. Div. 94, 96; affd., 161 N. Y. 226.) Since the design

and purpose of the statute is to secure equality among creditors, " it would be inconsistent to allow one creditor, by means of the right of action given by the statute, to gain that preference through the law which another creditor is prohibited from getting directly from the debtor by the same law." (*Lodi Chemical Co.* v. *National Lead Co.*, 41 App. Div. 535, 539.)

It would be a strange perversion of the statute if it were allowed to be utilized for the purpose of securing the very preference or inequality it was expressly designed to prohibit.

In order, therefore, to secure the result contemplated by section 15 of the Stock Corporation Law, the assets of the insolvent defendant corporation, now held in escrow, should be divided *pro rata* among all of the creditors. Accordingly, judgment will be directed for plaintiff against the defendants Lowenstein and Meskin, directing the cancellation of the two confessions of judgment, but providing for distribution of the assets among all the creditors of the corporation, and to that end a receiver will be appointed.

In so far as the defendants Meisel, Popkin and Peskin are concerned, their liability under section 15 of the Stock Corporation Law would extend to the loss occasioned to the plaintiff in consequence of the preferential transfers. That loss is measured by what plaintiff " would have received, had the corporation been wound up and its property, so far as improperly transferred, converted to money and applied to the payment of its debts *pro rata.*" (*Penn. R. Co.* v. *Peddrick*, 234 Fed. 781, 786; *Curran* v. *Oppenheimer*, 164 App. Div. 746; affd., 222 N. Y. 615; *Trustees of Masonic Hall* v. *Fontana*, 99 Misc. 497 [App. Term, 1st Dept.].) Applying that test, plaintiff's loss is represented by his distributive share of the property transferred. That property is now held in escrow and plaintiff, under an equitable distribution, will receive his *pro rata* share. He, therefore, has sustained no loss which may be established against Meisel, Popkin and Peskin, as he will be reimbursed in the amount he would have received had the defendant corporation not made a preferential transfer. Judgment is directed for the defendants Meisel, Popkin and Peskin against plaintiff, but without costs, and without prejudice.

Submit findings of fact, conclusions of law, and judgment on notice.