POWELL v. HINKLEY et al.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1904.)

1. PLEADING—CAUSES OF ACTION—SEPARATE STATEMENTS—COMPLAINT—SUF-
FICIENCY.

On a motion to compel plaintiff to file an amended complaint, separately stating and numbering several causes of action claimed by defendant to be alleged in the complaint, defendant cannot raise the question of the sufficiency of the complaint as stating a single cause of action.

2. SAME—CONSTRUCTION OF COMPLAINT.

Plaintiff's complaint first described the organization of an accident association then in the hands of the defendant G. as receiver, and alleged the accrual of a claim in plaintiff's behalf against the association on a policy. The complaint then charged the relationship of defendants, including the receiver, as directors, and that, in violation of their duties, they wasted and misappropriated the association funds which came into their hands as directors, by reason of which it became insolvent, and that G. was appointed, and still was, its receiver; that G., as such receiver, had been guilty of extravagance, negligence, and inattention, and had refused to bring an action against other alleged derelict directors on plaintiff's request; and that many other persons were creditors, situated similarly to plaintiff, who might join in the action. Whereupon plaintiff demanded judgment establishing her claim, for an accounting by the directors, and the removal of G. as receiver, and the appointment of a

competent person in his stead. *Held*, that the complaint stated but a single cause of action, and was therefore not subject to a motion to separately state and number.

McLennan, P. J., and Williams, J., dissenting.

Appeal from Special Term, Erie County.

Action by Lydia L. Powell, as a creditor of the United States Mutual Accident Association of New York City, against James W. Hinkley, impleaded with others. From an order denying defendant's motion to compel plaintiff to file an amended complaint specially setting forth and numbering at least three causes of action alleged to be set forth therein, he appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Carl Schurz Petrasch, for appellant.

M. Filmore Brown, for respondent.

HISCOCK, J. This action was brought by plaintiff as the death beneficiary in a policy or certificate of membership issued by the United States Mutual Accident Association of New York City to one Frank L. Powell. Its main object may be generally stated to be that of compelling various defendants, including appellant, to account for their alleged misconduct and misappropriation of funds while acting as directors of said accident association, and of thereby securing redress and relief for plaintiff and other creditors of said association who are similarly situated.

Upon this appeal it is assumed by both counsel that the action is, and may be, instituted under sections 1781 and 1782 of the Code of Civil Procedure. The first section, amongst other things, provides for the maintenance of actions against trustees and directors of a corporation to compel them to account for their official conduct, and to pay to the corporation which they represent, or to its creditors, any money and the value of any property which they have acquired to themselves or lost or wasted by a violation of their duties. The second section provides that, outside of certain exceptions, such an action may be brought by a creditor of the corporation.

No argument can well be addressed to us upon this appeal by the learned counsel for the appellant questioning the right of plaintiff, as a creditor, to maintain this action, or the sufficiency and effectiveness of the allegations contained in her complaint to set forth at least one cause of action. This motion is based upon the theory, not that the complaint does not state a cause of action, but that, upon the contrary, it goes to the opposite extreme, and in a single count states at least three causes of action. We therefore do not have before us for present consideration any questions, if such in fact exist, which might arise upon a demurrer with reference to the sufficiency of plaintiff's complaint as stating in her behalf a cause of action.

In support of his motion, and in fact by the express terms of his notice, defendant claims that the complaint sets forth three causes of action, as follows: (1) An alleged cause of action at law upon a policy of insurance; (2) a cause of action against the defendant directors for misappropriating and diverting the profits of the accident association;

(3) a cause of action for waste, neglect, and misappropriation of the assets of said association after it became insolvent. We do not agree with the appellant's contention in these respects. For the purpose of this examination, the allegations in plaintiff's complaint may be readily separated into four groups. The first describe the organization of the accident association, and the operation and conduct of its business, as carrying on a system of mutual co-operative insurance, and the issue by it to Frank L. Powell of a certificate of membership, whereby, under certain conditions, it became obligated to pay to plaintiff the sum of $15,000 upon his death; that these conditions arose, and that plaintiff, under said certificate, became entitled to said sum, upon and on account of which she has only received $5,000. The second allege the relationship of appellant and various others of the defendants to said accident association, as directors, and that, in violation of the duties which they owed to this plaintiff and others, they, in various ways, wasted, misappropriated, and employed to their own benefit the funds and property of the association which came into their hands and control as such directors; that by reason of such misconduct the association became insolvent, and the defendant Gray was appointed its receiver, and is still continuing to act as such. The next group allege that said Gray, as such receiver, has been guilty of extravagance, negligence, inattention, inefficiency, and disregard of his duties, and that, in addition to his refusal to bring an action against the alleged derelict directors upon the request of this plaintiff, his conduct has been such as to indicate that he is an improper person to bring it, even if willing to do so. The final allegations relate to the existence of many other persons and creditors similarly situated as plaintiff, and who may be in a position to join with her in the prosecution of this action. Upon these allegations the plaintiff demands judgment, among other things, that the existence and amount of her claim be established; that the defendant directors be compelled to account for their conduct and misconduct, and to pay over to a receiver whatever money the court shall adjudge that they have misappropriated. There are some other allegations in the complaint, and some other clauses in the prayer for relief, which we shall consider hereafter. Considering the allegations and the prayer for relief as stated by us, we do not think that a reasonable construction leads to the conclusion that more than one cause of action is stated. It seems to us that the allegations of the complaint proceed in a perfectly orderly and logical manner from the statement of plaintiff's interest as a beneficiary and creditor under the certificate of insurance, through the alleged misconduct of the defendant directors, and the relationship and conduct of the defendant Gray as receiver, up to a proper and legitimate demand for relief against the same. It is true that the existence of the defendant Gray as receiver, and his alleged misconduct as such, have brought into the complaint some allegations which would not ordinarily be found therein. But we think it was entirely reasonable and proper for the plaintiff to allege not only that Gray, as receiver, had refused to bring this action, but also that his conduct was such as to render him an improper person to be intrusted with the management of such litigation. Whether the court should find, or not, that these latter allegations were a sufficient reason for the

institution of this action by plaintiff, instead of by Gray as receiver, they were certainly proper allegations, in connection with the main cause of action, to address to the court as a reason why the action was brought as it was.   We think, further, that such allegations were proper as leading up to an additional clause contained in the prayer for relief to which we now refer, viz., the demand that Gray be removed as receiver, and that some proper person be appointed in his place.   This, again, is an incident of relief which would not ordinarily be necessary. But in this case, if plaintiff should succeed in her claim, it would be necessary that the judgment as requested should compel the defendants to pay over moneys to the association, or the receiver acting in its behalf; and if plaintiff should be able to establish that the defendant Gray was an improper and unsafe person to receive from such directors, in behalf of said corporation, such funds, it would be entirely within the province of a court of equity to remove him and appoint somebody who would be a proper guardian.

We have not failed to note that in the body of the complaint are some allegations that the defendant directors owed certain duties to the plaintiff's intestate, in the way of retaining and investing various moneys.   While these allegations may be somewhat superfluous, they are not, and could not well be, claimed to set forth any separate cause of action.

We also note that the prayer for relief asks that plaintiff be paid her claim, and that the defendant Gray be held personally liable in certain contingencies.   Such relief may be outside of that which a court of equity would feel justified in awarding upon the trial of this case; and, while it is too well settled to require extensive statement that the prayer for relief in a complaint may be looked to as explaining and characterizing the nature of the complaint itself, it would be unreasonable to regard these particular demands for relief, even though unjustifiable, as impressing upon the complaint before us the fault of containing various causes of action.   The order should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements.   All concur, except McLENNAN, P. J., and WILLIAMS, J., who dissent.