## DAVIS v. WILSON.

(Supreme Court, Appellate Division, First Department. May 31, 1912.)

1. CORPORATIONS (§ 360\*)—ACTION AGAINST OFFICER—COMPLAINT—SUFFICIENCY OF ALLEGATIONS.

Allegations, that a corporation, of which defendant was an officer, was at a certain time indebted to plaintiff on a promissory note and was indebted at the time defendant misappropriated its funds, are insufficient to show the existence of a valid indebtedness of the corporation in favor of plaintiff.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1503–1505; Dec. Dig. § 360.\*]

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CORPORATIONS (§ 341*)—LIABILITY OF OFFICERS—RIGHT OF ACTION—REP-
RESENTATIVE CAPACITY OF PLAINTIFF.

General Corporation Law (Consol. Laws 1909, c. 22) § 90, provides that
an action may be maintained against the officers or directors of a cor-
poration to compel them to pay to it or its creditors any money or prop-
erty of value which they have acquired or transferred through viola-
tion of their duties, and section 91 provides that the action may be
brought by the Attorney General, by creditor, by trustee, or certain officers
of the corporation. *Held*, that the action provided for is representa-
tive, and that a single creditor of a corporation cannot maintain the ac-
tion merely to recover the amount of her claim against the corporation
from the president, who had misappropriated a large amount of corporate
funds.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1479–1484;
Dec. Dig. § 341.*]

Appeal from Special Term, New York County.

Action by Emma A. Davis against Timanus J. Wilson. From an
order sustaining a demurrer to the complaint, plaintiff appeals. Af-
firmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, MILLER, and DOWLING, JJ.

Eli J. Blair, of New York City, for appellant.
Norman D. Fish, of North Tonawanda, fo respondent.

DOWLING, J. Appeal from an order sustaining a demurrer to a
complaint. The action is brought by plaintiff, claiming to be a cred-
itor of the Wilson & Kenney Company, a Maryland corporation, to
recover the sum of $3,482.12, the balance of her claim. The complaint
sets forth the incorporation of the Wilson & Kenney Company, the
ownership by defendant of 1,125 shares of the common stock thereof,
and that he was the president and a director of the company. It then
contains allegations that defendant undertook to sell his stock to one
Kenney, taking in payment the note of the corporation in the sum of
$12,000, with interest at 12 per cent., and the payment of the note at
maturity out of the funds of the company, which received no consider-
ation of any kind therefor. The only averments as to plaintiff's orig-
inal claim are the following:

"(11) That on or about the 20th day of May, 1907, the Wilson & Kenney
Company, above mentioned, was indebted to this plaintiff on a promissory
note made by it in the sum of $4,000.

"(12) That the said Wilson & Kenney Company was so indebted to this de-
fendant at the time of the misappropriation of the funds of said Wilson &
Kenney Company hereinabove set forth."

[1] These allegations are too general and do not sufficiently set
forth the existence of a valid indebtedness of the corporation in favor
of plaintiff. Sampson v. Grand Rapid School Co., 55 App. Div. 163,
66 N. Y. Supp. 815; Sheridan v. Jackson, 72 N. Y. 170. The com-
plaint further sets forth the filing of a proof of claim by the plaintiff
with the receivers of the company, which had become insolvent, its
allowance by them, payment to plaintiff of the sum of $997.92 on ac-
count of her claim, the discharge of the receivers, and the dissolution
of the corporation. Plaintiff claims to have been unaware of the facts

as to the defendant's misappropriation of the funds of the corporation until after all these events had happened. She then avers that there is due and owing to her the sum of $3,482.12, with interest, and demands judgment in that amount.

[2] The action is brought pursuant to the provisions of sections 90 and 91 of the General Corporation Law. Under subdivision 2 of the former section, the relief to be granted is that the moneys misappropriated by' the directors or other officers shall be paid to the corporation which they represent or to its creditors. The action is a representative one, and when brought by a person authorized to sue, as provided by section 91, is properly brought by the plaintiff described in his representative capacity. Miller v. Quincey, 179 N. Y. 294, 72 N. E. 116; Powell v. Hinkley, 93 App. Div. 138, 87 N. Y. Supp. 2. While the nature of the relief demanded does not necessarily determine the character of the action, the judgment demanded by the complaint herein is for a sum of money only, and for no equitable relief whatever. This, however, is but the logical conclusion of the pleading, for nowhere is there even a hint that this is a representative action, or that any one is interested therein save the plaintiff. She does not seek the repayment of the funds misappropriated either to the representative of the corporation or to the creditors. She seeks only to recover the exact balance due on her claim, irrespective of the rights of other creditors and of the proportion which her debts may bear to the total corporate indebtedness. Such an individual action at law cannot be maintained, for her only relief is a representative action in equity.

The order appealed from will therefore be affirmed, with $10 costs and disbursements to respondent, and with leave to the appellant to serve an amended complaint within 20 days, on payment of costs in this court and in the court below. All concur.