## CULLEN v. FRIEDLAND et al.

(Supreme Court, Appellate Division, First Department. July 11, 1912.)

1. CORPORATIONS (§ 544*)—ASSETS—TRUST FUND FOR DEBTS.
    The assets of a corporation constitute a trust fund for the payment of the corporate debts.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2162–2169; Dec. Dig. § 544.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** CORPORATIONS (§ 333*) — OFFICERS — LIABILITY FOR CORPORATE DEBTS AND ACTS.

Under General Corporation Law (Consol. Laws 1909, c. 23) § 90, which provides that directors or officers of the corporation are liable to pay to the corporation or to its creditors any money, or the value of any property which they have acquired for themselves or transferred to others by or through any neglect or violation of their duties, directors who transferred all the property of a corporation to one director for a nominal consideration were personally liable to a judgment creditor of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1451; Dec. Dig. § 333.*]

**3.** CORPORATIONS (§ 547*)—DIRECTORS—LIABILITY TO CREDITORS.

A director of a corporation, who, with notice and without consideration, receives property of the corporation impressed with a trust for the payment of creditors, is liable to a creditor.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2178–2181; Dec. Dig. § 547.*]

**4.** CORPORATIONS (§ 333*)—DIRECTORS—LIABILITY TO CREDITORS.

Stock Corporation Law (Consol. Laws 1909, c. 59) § 28, provides that a director of a corporation who shall consent to pay to stockholders any part of the capital, or to reduce the capital stock, shall be liable to creditors for loss caused thereby, but that it shall not prevent a distribution of assets remaining after the payment of all its debts upon dissolution. Two of the three directors of a stock corporation, the three directors being owners of all the stock, assigned their stock to the other director, for a consideration paid out of the corporate funds, but which left the corporation with more than sufficient assets to pay all of its debts. *Held* that, after dissolution, they were not liable to a judgment creditor, since the creditor was in no way injured by their assignment of stock.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1451; Dec. Dig. § 333.*]

Appeal from Trial Term, New York County.

Action by John Cullen against Joseph Friedland and others. From a judgment dismissing the complaint, plaintiff appeals. Judgment, so far as affecting defendants Nelson, affirmed, and reversed and new trial ordered as to defendants Friedland and Levine.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles E. Thorn, of New York City, for appellant.
J. A. Seidman, of New York City, for respondents Nelson.

McLAUGHLIN, J.  Action by a judgment creditor of the defendant corporation to compel its directors to account for official misconduct and pay plaintiff's judgment, or so much of it as equals the assets of the corporation which have been illegally diverted by them. The defendants the Friedland-Nelson Company and Albert J. Atchinson did not answer.  The other defendants answered separately, and at the trial the complaint was dismissed, and plaintiff appeals.

The corporation, the Friedland-Nelson Company, was organized in September, 1903, for the purpose of manufacturing store fixtures. Its authorized capital stock was $6,000, divided into 60 shares of the par value of $100 each, of which 30 were issued to defendant Fried-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

land, and 15 to each of the defendants Nelson. Those three defendants from the time of the organization until after July 12, 1906, constituted all of the directors, officers, and stockholders of the corporation. On the 20th of March, 1906, there accrued to the plaintiff a cause of action against the corporation for personal injuries, to enforce which, a few days thereafter, he commenced an action which resulted on the 18th of May, 1908, in a judgment in his favor of $882.66. Execution was issued upon the judgment, and the same was returned wholly unsatisfied. On July 12, 1906, four months after the cause of action for personal injuries had accrued, Friedland and the two Nelsons, who were at the time the directors and owners of all of the capital stock of the corporation, entered into a contract in writing by which Friedland agreed to purchase of the Nelsons all of their stock, and to pay therefor $40,000. The contract provided that $20,-000 should be paid immediately and the balance by Friedland's giving his promissory notes, payable on the 13th of August, 1906; that the Nelsons should immediately execute assignments of their stock to him and resign as officers and directors; that the stock was to be held in escrow by a third party until the notes were paid; and that at the end of six months the corporation should be dissolved, or its name changed from the Friedland-Nelson Company to some name not having the word "Nelson" in it. The contract was carried out by Friedland paying the amount stipulated and the notes when they matured, and the Nelsons assigning their stock to him and resigning as directors. As soon as this was done, Friedland immediately transferred one share to each of the defendants Atchinson and Levine, and they were thereupon elected directors and officers in place of the Nelsons. Some time thereafter, Friedland and his dummy directors caused the corporation to assign to him all its assets, which were at least of the value of $11,500 for a nominal consideration and the corporation thereupon ceased to do any business. On December 13, 1906, Friedland and his two dummy directors filed a certificate pursuant to General Corporation Law, § 21, in the office of the Secretary of State for a dissolution of the corporation, and it was thereupon formally dissolved. No provision, however, was made for the payment of debts.

[1, 2] Plaintiff offered evidence to establish prima facie all of the foregoing facts, and they were sufficient to entitle him to the relief asked against the directors Friedland and Levine. The corporate assets constituted a trust fund for the payment of the corporate debts, and when those defendants, as directors, transferred all of the corporate property exceeding $11,500 in value to Friedland for a nominal consideration, they committed such a breach of duty to the plaintiff as to make themselves personally liable for his claim. General Corporation Law, § 90; Darcy v. Brooklyn & N. Y. Ferry Co., 196 N. Y. 99, 89 N. E. 461, 26 L. R. A. (N. S.) 267, 134 Am. St. Rep. 827.

[3] The defendant Friedland is also liable on the additional ground that he received, with notice and without consideration, property of the corporation which was impressed with a trust for the payment of the plaintiff's claim. Bartlett v. Drew, 57 N. Y. 587; Cole v. M. I.

Co., 133 N. Y. 164, 30 N. E. 847, 28 Am. St. Rep. 615. The complaint, therefore, as to Friedland and Levine, was improperly dismissed.

[4] As to the defendants Nelson a different situation is presented. At the time of the assignment of the corporate assets to Friedland they had ceased to be directors, and had severed their connections with the corporation. The plaintiff offered evidence tending to show that the $40,000 which was paid to them by Friedland for their stock was paid out of corporate funds, and they not only, acquiesced in the arrangement, but actually took part in obtaining the money from the corporation. The plaintiff offered to show that prior to the payment by Friedland he and one of the Nelsons, at least, as officers of the corporation, had executed and delivered to Friedland without consideration corporate checks sufficient in amount to cover the payments made by Friedland to the Nelsons. The evidence was excluded, but, assuming for the purposes of this appeal that such fact had been proved, it would not have aided the plaintiff. After the payment to the Nelsons, the capital stock of the corporation was not impaired, and it still had more than sufficient assets, so far as appears, to pay all of its debts. After such payment, the corporation still had assets to the amount of at least $11,500 which was subsequently taken by Friedland himself; indeed, the complaint alleges that at the time of the dissolution the assets of the corporation "amounted to a sum more than sufficient to pay all of its liabilities, including the claim and judgment of the plaintiff, with interest thereon from the date of entry of said judgment." The plaintiff, therefore, was in no way injured by the payment to the Nelsons. That was a proper and legitimate transaction so far as appears, so long as all of the stockholders consented to it. Stock Cor. Law, § 28; Williams v. Western Union Tel. Co., 93 N. Y. 162.

The judgment appealed from, therefore, so far as the same affects the defendants Nelson, should be affirmed, with costs to them against the plaintiff, and reversed and a new trial ordered as to the defendants Joseph Friedland and Levine, with costs to plaintiff to abide event. All concur.

---

### In re SPUYTEN DUYVIL ROAD IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. July 11, 1912.)

1. MUNICIPAL CORPORATIONS (§ 404*)—CLOSING OF STREETS—COMPENSATION—PROCEEDINGS.

A proceeding instituted by a property owner under Laws 1895, c. 1006, § 14, providing that when a street is to be opened contiguous to one that has been discontinued, damages for which discontinuance have not been awarded, parties interested may move that the same commissioners as in the street opening proceedings shall assess damages for discontinuance, is separate from the street opening proceedings, and to justify an award the property owner must show the institution of proceedings for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes