1. APPEAL AND ERROR (§ 173*)—REVIEW—QUESTIONS NOT RAISED BY ISSUES.

In an action by a corporate creditor to charge directors with liability on account of a transfer of the corporation's assets, defendants on appeal are not entitled to question the judgment on the theory that plaintiff should have sued in a representative form for all creditors, where no such issue was raised by the evidence, no findings raising the question were requested, and there was no evidence of the existence of other creditors.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. § 173.*]

2. CORPORATIONS (§ 347*)—DIRECTORS—LIABILITY TO CREDITORS.

Only creditors of a corporation whose claims have been reduced to judgment can sue under General Corporation Law (Consol. Laws 1909, c. 23) §§ 90, 91, to compel corporate directors to account for losses to such creditors on account of a wrongful transfer of corporate assets, etc.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1489, 1490; Dec. Dig. § 347.*]

3. CORPORATIONS (§ 343*)—DIRECTORS—LIABILITY TO CREDITORS.

The individual liability of directors under General Corporation Law (Consol. Laws 1909, c. 23) §§ 90, 91, to creditors sustaining loss through wrongful transfer of corporate assets, etc., is several, and hence judgment against one director is not affected by failure to acquire jurisdiction over others.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 343.*]

·4. CORPORATIONS (§ 333*)—DIRECTORS—LIABILITY TO CREDITORS.

Recovery under General Corporation Law (Consol. Laws 1909, c. 23) §§ 90, 91, by a corporate creditor against a director on account of wrongful transfer of corporate assets, is properly limited to such proportion of the value of the property transferred as her claim, in connection with the claims of other existing creditors, bears to the value of the property transferred.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1451; Dec. Dig. § 333.*]

Kruse, J., dissenting.

Appeal from Special Term, Onondaga County.

Action by Della M. Buckley against the United Cloak & Suit Company and others.  From a judgment for plaintiff for an insufficient amount against defendant Stansfield only, plaintiff and defendant Stansfield appeal, and the latter appeals from an order refusing to vacate the judgment.   Affirmed.

See, also, Buckley v. Stansfield, 141 N. Y. Supp. ——.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Ray B. Smith, of Syracuse, for defendant Stansfield.
Thomas Woods, of Syracuse, for plaintiff.

FOOTE, J.   Plaintiff was a creditor of defendant, the United Cloak & Suit Company, a domestic corporation, to the amount of $9,000, for money loaned, for which she held the promissory note of the corpora-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion. In July, 1909, defendant Stansfield, with the other directors of this corporation and the owners of its capital stock, incorporated a company under the same name in the state of Maine, and transferred to it all the assets of the New York corporation, and continued the business through the Maine corporation; the Maine corporation assuming all, or substantially all, of the liabilities of the New York corporation, except the debt due the plaintiff. On January 11, 1911, plaintiff recovered a judgment against the New York corporation upon her promissory note for $9,642.29, debt, and costs. Execution thereon was issued and returned unsatisfied, and on March 2, 1911, she brought this action, naming as defendants in the summons and complaint, the United Cloak & Suit Company (the New York corporation), William H. Stansfield, Edward A. Buckley, and Milton C. Friedburg. It was alleged that the defendant Stansfield was a stockholder, director, and president of the New York corporation during the years 1907, 1908, and 1909; defendant Buckley, a stockholder, director, and treasurer; and the defendant Friedburg, a stockholder, director, and secretary; and that these three defendants, during the years named, comprised the board of directors. The relief demanded was: (1) That the individual defendants be required to account for their official conduct as directors in the management and disposition of the funds and property of the defendant corporation. (2) That they be compelled to pay to plaintiff any money, or the value of any property, which they acquired to themselves, or transferred to others, or lost or wasted, by violation of their duties to the extent of plaintiff's said judgment. (3) That plaintiff have judgment against the individual defendants for the sum of $9,642.29, with interest. (4) That plaintiff have such other or further relief as is just and equitable.

The complaint was framed to enforce the liability of the individual defendants to plaintiff under the first two subdivisions of section 90 of the General Corporation Law (Consol. Laws 1909, c. 23), as follows:

"Sec. 90. An action may be maintained against one or more trustees, directors, managers, or other officers of a corporation, to procure a judgment for the following purposes, or so much thereof as the case requires:

"1. Compelling the defendants to account for their official conduct, including any neglect of or failure to perform their duties, in the management and disposition of the funds and property, committed to their charge.

"2. Compelling them to pay to the corporation, which they represent, or to its creditors, any money, and the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by or through any neglect of or failure to perform or by other violation of their duties."

By section 91 it is provided that such an action may be brought by the Attorney General on behalf of the people, or "by a creditor of the corporation, or by a trustee, director, manager, or other officer of the corporation, having a general superintendence of its concerns."

The learned referee has found as facts: That on July 14, 1909, defendants Stansfield and Buckley, acting for the New York corporation, entered into a contract with the Maine corporation to sell to the Maine corporation all the property and assets of the New York corporation, and that such agreement was consummated, the New York

corporation receiving no consideration for such transfer except the agreement of the Maine corporation to assume certain debts of the New York corporation, and that thereupon the New York corporation retired from business, and the same business was continued by the Maine corporation and no notice of the proposed transfer was given to plaintiff, who did not acquiesce therein, nor was she afforded an opportunity to present and enforce her claim before the transfer was made; also that the value of the property transferred was $59,449.35, and that the liabilities of the defendant the New York corporation, at that date, were $73.492.48.    And as matters of law: (1) That the property of the defendant company constituted a trust fund in possession of defendants for the payment of its debts, and its creditors, including the plaintiff, had an equitable lien thereon.    (2) That the individual defendants, as directors in possession of said property, were trustees for the benefit of the creditors of said corporation, and could not transfer the property until after an opportunity had been afforded the creditors to present and enforce their claims.    (3) That the failure of the individual defendants to afford such opportunity constituted a violation of duty on their part for which plaintiff was entitled to recover against them such proportion of the value of the property transferred as her claim, in connection with the claims of other creditors, bears to the value of the property transferred, and that such proportion is $7,621.55, for which judgment was directed in plaintiff's favor.

The individual defendants Buckley and Friedburg did not answer, and the trial before the referee was upon the issues raised by the answers of the defendants corporation and Stansfield.    The plaintiff entered judgment upon the referee's report against the defendant Stansfield alone for the recovery of the amount directed in the referee's report.

The grounds of the appeal of the defendant Stansfield are that there are other creditors, and that plaintiff cannot have judgment in her favor as an individual, but only in a representative capacity in behalf of either the corporation or all the creditors; that judgment against the defendant Stansfield alone is improper, and should not have been rendered until plaintiff had brought in the defendants Buckley and Friedburg, so that the judgment could go against all; that the referee erred in excessive valuation of the property transferred; and that the evidence was not sufficient to warrant the finding that the "mailing list," so called, of the New York corporation was included in the property transferred.

The grounds of the appeal of the plaintiff are that the referee erred in limiting the amount of plaintiff's recovery to the amount stated by the referee, plaintiff's claim being that she was entitled to recover the full amount of her $9,000 promissory note, with interest.

The learned referee in his opinion has very fully and clearly stated the reasons for the conclusions reached by him, both upon the facts and the law of the case, and we might well affirm the judgment upon his opinion, but for two decisions rendered in the First Department since the decision of the referee, one of which seems to support the

contention that plaintiff is not entitled to recover in this action, except in a representative capacity.

The first of these cases is Davis v. Wilson, 150 App. Div. 704, 135 N. Y. Supp. 825. In that case the complaint alleged that the plaintiff was a creditor of the Wilson & Kenney Company, a Maryland corporation, and that defendant Wilson was a stockholder, director, and president of the corporation; that defendant had sold his stock to one Kenney, taking in payment the note of the corporation in the sum of $12,000, and that this note had been paid at maturity out of the funds of the corporation, which received no consideration therefor of any kind; that plaintiff was the owner and holder of a promissory note of the corporation for $4,000, on which the corporation remained indebted to the plaintiff in the sum of $3,482.12; that the corporation was insolvent, and its affairs had been liquidated by a receiver in the state of Maryland. On this complaint the plaintiff demanded only a money judgment against the defendant for said sum so remaining due, with interest. Defendant demurred to this complaint on several grounds. The demurrer was sustained at Special Term on two grounds, as we find from the record: (1) That it did not contain the requisite allegations to show that the corporation was actually indebted to the plaintiff, and it was not sufficient to plead that the company was indebted to him on its promissory note. (2) That the judgment sought was not authorized by sections 90 and 91 of the General Corporation Law, in that the judgment demanded was not one either compelling the defendant to account for official misconduct or compelling defendant to pay to the corporation, and that the action was one at law and not the statutory action. This demurrer was sustained on appeal upon both grounds, and in the opinion discussing the second ground, it is said:

"The action is a representative one, and when brought by a person authorized to sue as provided by section 91 of the General Corporation Law is properly brought by the plaintiff described in his representative capacity."

No reference is made in the opinion to the case of Darcy v. Brooklyn & N. Y. Ferry Co., 196 N. Y. 99, 89 N. E. 461, 26 L. R. A. (N. S.). 267, 134 Am. St. Rep. 827, or to any of the other cases where a creditor has maintained such an action without suing in a representative capacity.

This case was decided at the May term, 1912. In July following, the same court in Cullen v. Friedland, 152 App. Div. 124, 136 N. Y. Supp. 659, reversed a judgment dismissing the plaintiff's complaint in a similar action brought by an individual creditor, not in a representative capacity, the only practical difference being that the relief demanded was that the defendants, directors of the corporation, who had improperly transferred its assets be compelled to account for their official misconduct and to pay the plaintiff's judgment, or so much of it as equals the assets of the corporation which have been illegally diverted by them, and it was held that the complaint had been improperly dismissed at the trial, and that plaintiff on the case-made was entitled to recover against the directors responsible for the misappropriation of the property of the corporation under sections 90 and 91 of

the General Corporation Law, on the authority of Darcy v. Brooklyn & N. Y. Ferry Co., 196 N. Y. 99, 89 N. E. 461, 26 L. R. A. (N. S.) 267, 134 Am. St. Rep. 827. It does not appear from the report of this case that the point was made that plaintiff could not maintain such an action except in a representative capacity, nor is the prior case of Davis v. Wilson referred to, and apparently it was not brought to the attention of the court. We may not, therefore, assume that there was any intention to overrule that case.

In the case at bar the complaint is framed in the form which proved successful in the case of Darcy v. Brooklyn & N. Y. Ferry Co. In that case the relief demanded in the complaint was that the individual defendants be compelled to account for their official misconduct in the management and disposition of the funds and property of the defendant corporation; also that they be compelled to pay to plaintiff any money, or the value of any property, which they acquired to themselves, or transferred to others, or lost or wasted by violation of their duties to the extent of the plaintiff's judgment, with interest, and that the plaintiff have such other and further relief as is just and equitable. Plaintiff here has followed this form in the demand for relief, but has added a demand that the plaintiff have judgment against the individual defendants for the amount of her judgment against the defendant corporation. In that case, as here, provision had been made for assuming and paying the debts of the corporation, except the debt of the plaintiff. No objection was raised by demurrer or answer to the form of the action or the form of the complaint in that case, nor was any such objection so made here.

[1, 2] If it be assumed that in a case where it is made to appear that the rights of other creditors are involved, or should be provided for, the rule in Davis v. Wilson will be followed, and plaintiff required to bring his action in a representative form for all the creditors, still we think the defendant here may not now question the judgment on that ground. No issue of that kind was raised by the defendants' answers. No findings were requested by the defendant from the referee to present such question, nor does it satisfactorily appear from the testimony in the case that there are any other creditors of the defendant corporation who could recover upon their claims against the defendant directors. On the contrary, while the defendant states in his testimony that the promissory notes of J. H. Munro of $5,000, of Heffron & Co. of $2,400, and some of the notes of the Salt Springs National Bank remain unpaid, he also testified that the claims of the merchandise creditors had been paid, and that the promissory notes of the New York corporation had been renewed. The defendant Stansfield was personally liable upon the Salt Springs National Bank notes as indorser, and the other notes referred to were part of the indebtedness assumed by the Maine corporation. The reasonable inference from the record is that renewal notes were made by the Maine corporation. At all events, it does not appear that these creditors have not, by accepting renewal notes, assented to a substitution of the Maine corporation as their debtor. We are not satisfied that the rights of other creditors are involved; hence we think the question consid-

ered in Davis v. Wilson is not involved in this case. Moreover, it is only creditors whose claims have been reduced to judgments who are in a position to maintain this form of action. Paulsen v. Van Steenbergh, 65 How. Prac. 342; Swan v. Mutual Reserve Fund Life Ass'n, 20 App. Div. 255, 46 N. Y. Supp. 841, affirmed 155 N. Y. 9, 49 N. E. 258 (see 155 N. Y. 18, 49 N. E. 258, opinion of Gray, J.).

As far as the record discloses there are no other judgment creditors. The recovery here has been limited to the amount of defendant's liability to plaintiff alone. We think it would be manifestly unjust to reverse this judgment and declare a mistrial for the benefit of defendant Stansfield, where he went to trial without objection as to the form of the action, and where he neither alleged nor requested the referee to find that the rights of other creditors than the plaintiff were involved.

[3] It is next contended that the judgment cannot stand, because all the directors were necessary and indispensable parties and should have been brought within the jurisdiction of the court. It appears that after the entry of judgment against the defendant Stansfield alone, a motion was made in behalf of Stansfield to set aside the judgment and all proceedings subsequent to the joinder of issue, because of plaintiff's failure to serve and bring in the other two individual defendants Buckley and Friedburg, who were directors. In answer to this motion, plaintiff submitted an affidavit showing the service of a summons and complaint upon the defendant Buckley and his default in pleading. It did not appear that service had been made upon the defendant Friedburg. This motion was denied at Special Term, and defendant Stansfield has appealed from the order, and the appeal was argued in connection with the appeal from the judgment, but upon a separate record. The question of the necessity of bringing in Buckley and Friedburg is therefore presented upon both appeals. It is not contended that plaintiff had a right to enter judgment upon the referee's report against the defendants Buckley and Friedburg, nor is it suggested that plaintiff's practice in entering judgment against Stansfield alone was improper or irregular, if the other persons named as defendants were not necessary parties to the action. Section 456 of the Code expressly authorizes the plaintiff to take judgment against one or more of the defendants served, where he would be entitled to judgment if the action was against him or them alone. In such a case the clerk is required by this section, on plaintiff's application, to enter an order directing the action to be severed and that the plaintiff may proceed against the other defendants. It does not appear from the record whether the plaintiff procured the clerk to enter such an order, nor is the lack of such an order urged as ground of the appeal.

We think the liability of the directors in this case is several, and that plaintiff was at liberty to proceed against one or more of the directors who were liable, without joining them all. The statute (section 90, General Corporation Law) expressly authorizes the action to be maintained against one or more of the directors. The recovery is based upon the wrongful act of the directors in transferring the property of the corporation, without making provision for the pay-

ment of the plaintiff's debt; thus the directors were to some extent wrongdoers, and, if joint tort-feasors, neither one compelled to pay would have a right of contribution from his associates. Gilbert v. Finch, 173 N. Y. 455, 66 N. E. 133, 61 L. R. A. 807, 93 Am. St. Rep. 623. But if any equities between the directors can be enforced as against each other, we do not think plaintiff is required to take part in that litigation, or proceed against all the directors in order to adjust such equities in this action. It was so held in Bartlett v. Drew, 57 N. Y. 587. Accordingly we are of opinion that defendant Stansfield is not entitled to have the judgment vacated or reversed for plaintiff's failure to proceed to judgment against the two other directors.

The other questions raised by the defendant Stansfield are fully considered in the opinion of the learned referee, and need not be further referred to here.

[4] Plaintiff has also appealed because of the refusal of the referee to allow a recovery for the full amount of the plaintiff's judgment. We think the referee correctly ruled that plaintiff's recovery should be limited to such proportion of the value of the property transferred as her claim as a creditor, in connection with other creditors existing at that time, bears to the value of the property transferred.

We find no ground for questioning the findings of the referee as to the value of the property transferred and the claims of creditors as they existed at that time.

Our conclusion is that the judgment appealed from should be affirmed, without costs to either party, and that the order appealed from should be affirmed, with $10 costs and disbursements to the plaintiff. All concur, except KRUSE, J., who dissents as to the judgment, and votes for modification in a memorandum.

KRUSE, J. (dissenting). I think the plaintiff is entitled to recover of the individual defendants the full amount of her judgment. They and their associates, acting as directors of the judgment debtor corporation, wrongfully transferred the property of the corporation, out of which the plaintiff could have collected her judgment by levy and sale under the execution, or by an action in aid of or supplementary to the execution. By such levy or proceeding she would have obtained a lien on the property or assets so transferred, and realized the full amount of her claim. The liability of the defendants arises under the statute upon their wrongful acts, for which they are jointly and severally liable.