LOUIS SCHWARTZREICH, Respondent, *v.* WILLIAM BEAU-
MAN, Appellant.

(Supreme Court, Appellate Term, First Department, May Term—
Filed June, 1920.)

General Corporation Law, § 90 — when action at law cannot be
brought against an officer or director — trusts — corporations
— equity.

> The property of a corporation is a trust fund in the hands
> of its directors for the payment of its debts and an action at
> law cannot be brought against an officer or director under sec-
> tion 90 of the General Corporation Law. An action brought
> pursuant to said section is maintainable only in equity and
> must be brought in a representative capacity for the benefit
> of plaintiff and all other creditors similarly situated.

APPEAL by defendant from a judgment of the City
Court of the city of New York, in favor of the plain-
tiff, entered upon the verdict of a jury.

Louis Boehm, for appellant.

I. Gainsburg (I. Maurice Wormser, of counsel), for
respondent.

WAGNER, J.   The action was brought against the
defendant who was the president and director of a cor-
poration known as Beauman-Basch, Inc., in his indi-
vidual capacity, on the ground, as the complaint alleges,
that in December, 1917, when the above named corpora-
tion ceased conducting business, it was insolvent, and
that the defendant, with knowledge of such insolvency
and during the process of liquidation, disbursed all
the moneys of the corporation among certain of its
creditors only, and failed and neglected to apply any
portion thereof toward the payment of a judgment

which the plaintiff had procured against the corporation, with the intent and purpose of preferring the creditors so paid over him. Judgment was demanded for the *pro rata* share of the amount of plaintiff's claim on the disbursement made by the defendant. The latter denied the allegations of the complaint, and at the close of plaintiff's case, during the course of which it appeared that there were two other unpaid judgments against the corporation, rested after a denial of his motion to dismiss the complaint. The motion to dismiss was then renewed upon the same grounds as previously advanced, among which were that the action was not maintainable as an action at law, and further that inasmuch as the evidence disclosed that there were other creditors of the corporation, the action should have been prosecuted by the plaintiff in equity in a representative capacity for his benefit and all other creditors of the corporation, similarly situated. The motion was again denied and an exception taken. The learned trial court thereupon directed a verdict in plaintiff's favor.

Section 90 of the General Corporation Law, upon which the complaint was framed and the action brought, provides as follows:

''An action may be maintained against one or more trustees, directors, managers, or other officers of a corporation, to procure a judgment for the following purposes, or so much thereof as the case requires:

'' (Sub. 2) Compelling them to pay to the corporation, which they represent, or to its creditors, any money, and the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by or through any neglect of or failure to perform or by other violation of their duties.''

We think it is clear that an action brought under this section of the Corporation Law is one for the benefit

30

of the corporation or its creditors; that it is a representative one in form and must be brought in a representative capacity for the benefit of the plaintiff and all other creditors similarly situated, and is maintainable only in equity. The property of a corporation is a trust fund in the hands of its directors for the payment of its debts. *Bartlett* v. *Drew,* 57 N. Y. 587; *Hastings* v. *Drew,* 76 id. 9; *Cole* v. *Millerton Iron Co.,* 133 id. 164. In the case of a breach of trust by the directors, in effecting a private dissolution thereof rather than by means of the statute provided for such purpose, and consequent distribution of its assets, if the corporation fails to enforce its cause of action, the creditor is by the terms of the statute afforded a remedy which both in origin and upon principle is equitable in character. It is in fact an action in equity against trustees to compel them to respond for their breach of duty. Such was the rule announced in this department in *Davis* v. *Wilson,* 150 App. Div. 704, where Dowling, J., speaking for the court said: " The action is brought pursuant to the provisions of sections 90 and 91 of the General Corporation Law. Under subdivision 2 of the former section, the relief to be granted is that the moneys misappropriated by the directors or other officers shall be paid to the corporation which they represent or to its creditors. *The action is a representative one, and when brought by a person authorized to sue, as provided by section 91, is properly brought by the plaintiff described in his representative capacity.* (*Miller* v. *Quincy,* 179 N. Y. 294; *Powell* v. *Hinkley,* 93 App. Div. 138.) While the nature of the relief demanded does not necessarily determine the character of the action, the judgment demanded by the complaint herein is for a sum of money only, and for no equitable relief whatever. This, however, is but the logical conclusion of the pleading, for nowhere is there even a hint that this

is a representative action, or that any one is interested therein save the plaintiff. * * * Such an individual action at law cannot be maintained, for her only relief is a representative action in equity."

In *People* v. *Equitable Life Assurance Soc.,* 124 App. Div. 714, an action based on section 1781 of the Code of Civil Procedure, subsequently re-enacted in 1909 as section 90 of the General Corporation Law, it was likewise held that this form of action is one in equity. Justice Laughlin there said: " Each of the parties there named has the same right to bring the action specified in section 1781 of the Code of Civil Procedure, and while I think it is quite clear that the action is to be brought in equity, * * * there must still be alleged the facts to show that the defendants have violated their duties and that such violation of duty has resulted in a loss of money or property to the corporation which the corporation is entitled to recover."

Respondent is evidently mistaken in citing *Cullen* v. *Friedland,* 152 App. Div. 124, as authority for the maintenance of this form of action at law, for that action was tried at Special Term, as the report discloses. Nor does that case or *Buckley* v. *Stansfield,* 155 App. Div. 735, or *Darcy* v. *Brooklyn & New York Ferry Co.,* 127 id. 167, support his claim that the action is an individual and not necessarily a representative one. In none of these authorities were there any other judgment creditors than the one maintaining the action; and Foote, J., in the *Buckley* case assumes that the Appellate Division of this department had no intention of overruling the *Davis* case in their decision in *Cullen* v. *Friedland, supra,* basing the decision of that case, however, on the distinct ground that the question was not involved in the appeal, since it had neither been raised or advanced before the referee.

In the instant case the action was brought by the

plaintiff in his individual capacity only and in a court which had no equitable jurisdiction.

We think it plain from the above cited cases that the plaintiff has misconceived his remedy in bringing an action at law for the benefit of his judgment alone instead of in equity for the benefit of himself and other creditors similarly situated.

Upon the foregoing, the judgment is reversed, with costs, and complaint dismissed.

BIJUR and MULLEN, JJ., concur.

Judgment reversed, with costs.